# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| MANUEL MANSILLA,<br>Individually and on behalf<br>of all others similarly situated, | Civil Action No. _____ |
| *Plaintiff*, | |
| v. | JURY TRIAL DEMANDED |
| WS ENERGY SERVICES, LLC. | COLLECTIVE ACTION |
| *Defendant.* | PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Manuel Mansilla ("Plaintiff" or "Plaintiff Mansilla") brings this action individually and on behalf of all Operators, Helpers/Hands, and Trainees (hereinafter "Plaintiff and the Putative Class Members") who worked for WS Energy Services, LLC ("WS Energy") from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq*.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for WS Energy since September 14, 2014 and through the final disposition of this matter, and were paid a salary plus job bonuses/day rates, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Plaintiff and the Putative Class Members are also those similarly situated persons who worked for WS Energy since September 14, 2014 and through the final disposition of this matter, and were paid on an hourly basis plus job bonuses/day rates and were actually paid overtime, but the job bonuses/day rates were not included in the calculation of their overtime rate.

4. Moreover, and regardless of whether they were paid a salary or on an hourly basis, Plaintiff and the Putative Class Members were not compensated for all hours worked. Specifically, Plaintiff and the Putative Class Members routinely traveled to and from WS Energy's locations as well as to other job sites on a daily basis but were not compensated for these drive-time hours.

5. The FLSA requires that time spent by an employee in travel as part of his principal activity must be counted as hours worked. *See* 29 CFR § 785.38 *et seq*.

6. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. The decision by WS Energy not to pay overtime compensation at the proper rates, and in some cases no overtime at all, for all hours worked was neither reasonable nor in good faith.

8. WS Energy knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

10. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

12. Plaintiff Manuel Mansilla has worked for WS Energy within the meaning of the FLSA, within this judicial district and within the relevant three-year period. Plaintiff Mansilla did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13. The Putative Class Members include those current and former employees who worked for WS Energy at any time since September 14, 2014 and have been subjected to the same illegal pay system under which Plaintiff Mansilla worked and was paid.

14. WS Energy Services, LLC ("WS Energy") is a Texas limited liability company, and may be served through its registered agent for service of process: **Jack Storm, 13330 Leopard Street, Suite 32, Corpus Christi, Texas 78410**.

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

16. This Court has personal jurisdiction over WS Energy because the cause of action arose within this District as a result of WS Energy's conduct within this District.

---

[2] The written consent of Manuel Mansilla is attached hereto as Exhibit "A."

17. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, WS Energy is headquartered in Robstown, Nueces County, Texas, which is located in this District and Division.

19. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20. WS Energy is an oilfield services company specializing in providing torque and test services throughout the State of Texas and the United States.[3]

21. To provide their services, WS Energy employed numerous Operators, Helpers/Hands and Trainees—these are the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

22. Plaintiff Mansilla has worked for WS Energy as an Operator since October 2016.

23. Plaintiff and the Putative Class Members were paid a salary plus job bonuses/day rates, but did not receive overtime for all hours worked over forty (40) in each workweek.

24. Plaintiff and the Putative Class Members were also paid on an hourly basis plus job bonuses/day rates and were actually paid overtime, but the job bonuses/day rates were not included in the calculation of their overtime rate.

25. Moreover, and regardless of whether they were paid a salary or on an hourly basis, Plaintiff and the Putative Class Members were not compensated for all hours worked. Specifically, Plaintiff and the Putative Class Members routinely traveled to and from WS Energy's locations as well as to other job sites on a daily basis but were not compensated for these drive-time hours.

---

[3] http://www.wseservices.com.

26. The FLSA requires that time spent by an employee in travel as part of his principal activity must be counted as hours worked. *See* 29 CFR § 785.38 *et seq*.

27. Plaintiff and the Putative Class Members' primary duties include rigging up and rigging down oilfield equipment, operating oilfield machinery, and reporting daily activities to their supervisor(s).

28. Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by WS Energy and/or its clients.

29. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by WS Energy and/or its clients.

30. Virtually every job function was pre-determined by WS Energy and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

31. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

32. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

33. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

34. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees. Rather, Plaintiff and the Putative Class Members worked in two-man teams on a daily basis—that is, each assigned shift included one Operator and one Helper/Hand or Trainee.

35. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of WS Energy and/or its customers.

36. Plaintiff and the Putative Class Members work long hours. Specifically, WS Energy regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

37. Plaintiff and the Putative Class Members also received job bonuses/day rates in addition to their regular base pay.

38. The non-discretionary job bonuses/day rates paid to Plaintiff and the Putative Class Members were meant to encourage and motivate Plaintiff and the Putative Class Members to work harder and to reward them for their hard work.

39. The non-discretionary job bonuses/day rates were based upon a pre-determined formula established by WS Energy. Moreover, specific criteria had to be met in order to receive the job bonuses/day rates.

40. When Plaintiff and the Putative Class Members met the criteria, they were entitled to receive the job bonuses/day rates.

41. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

42. Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses/day rates (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

43. WS Energy denied Plaintiff and the Putative Class Members the proper amount of overtime pay as a result of a widely applicable, illegal pay practice.

44. WS Energy applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

45. Accordingly, WS Energy's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSES OF ACTION

**A.  FLSA COVERAGE**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. The FLSA Collective is defined as:

**ALL OPERATORS, HELPERS/HANDS, AND TRAINEES WHO WORKED FOR WS ENERGY SERVICES, LLC, AT ANY TIME FROM SEPTEMBER 14, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE ("FLSA Collective" or "FLSA Collective Members").**

48. At all times hereinafter mentioned, WS Energy has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At all times hereinafter mentioned, WS Energy has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

50. At all times hereinafter mentioned, WS Energy has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

51. During the respective periods of Plaintiff and the FLSA Collective Members' employment by WS Energy, these individuals provided services for WS Energy that involved interstate commerce for purposes of the FLSA.

52. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiff and the FLSA Collective Members are (or were) **<u>non-exempt</u>** employees who worked for WS Energy and were engaged in oilfield services that were directly essential to the production of goods for WS Energy and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

54. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

55. In violating the FLSA, WS Energy acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

56. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of WS Energy.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. WS Energy violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

60. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of WS Energy's acts or omissions as described herein; though WS Energy is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

61. Moreover, WS Energy knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

62. WS Energy knew or should have known its pay practices were in violation of the FLSA.

63. WS Energy is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

64. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted WS Energy to pay overtime at the required rate of at least one and one-half times the regular rate of pay.

65. The decision and practice by WS Energy to not pay the proper amount of overtime, and in some cases no overtime at all, was neither reasonable nor in good faith.

66. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C. FLSA COLLECTIVE ACTION ALLEGATIONS**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

69. Other similarly situated employees have been victimized by WS Energy's patterns, practices, and policies, which are in willful violation of the FLSA.

70. The FLSA Collective Members are defined in Paragraph 47.

71. WS Energy's failure to not pay the proper amount of overtime, and in some cases no overtime at all, results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

72. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

73. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

74. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

75. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

76. WS Energy employed a substantial number of similarly situated workers since September 14, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

77. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and WS Energy will retain the proceeds of its rampant violations.

78. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

79. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 47 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against WS Energy as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 47 and requiring WS Energy to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding WS Energy liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of WS Energy, at WS Energy's own expense;

j. For an Order providing for injunctive relief prohibiting WS Energy from engaging in future violations of the FLSA, and requiring WS Energy to comply with such laws going forward; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 14, 2017

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***