**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **MANUEL MANSILLA, Individually and on behalf of all others similarly situated,** § § § | |
| **Plaintiff,** § § | |
| v. § | Case No. 2:17-cv-00297 |
| § § | |
| **WS ENERGY SERVICES, LLC** § § | |
| **Defendant.** § | |

**JOINT MOTION FOR CONFIDENTIAL APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiffs Manuel Mansilla and Devin Young (collectively, "Plaintiffs"), and Defendant WS Energy Services, LLC ("Defendant" or "WS Energy") (Plaintiffs and Defendant are collectively referred to as the "Parties"), file this Joint Motion for Confidential Approval ("Motion") of Settlement Agreement ("Agreement") filed under seal as Exhibit "A" to the Motion, asking that the Court: (1) confidentially approve the Parties' Confidential Agreement as expressed therein, filed as Exhibit A under seal; and (2) dismiss this Lawsuit with Prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

### I.   FACTUAL BACKGROUND

1. On September 14, 2017, Plaintiff Manual Mansilla, individually and on behalf of all others similarly situated, brought suit against Defendant for alleged failure to pay overtime compensation for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*. [**Dkt. 1**].

2. On October 9, 2017, Devin Young joined this case as a plaintiff. [**Dkt. 6**].

3. Defendant answered this suit on November 29, 2017 [**Dkt. 13**], denying all allegations and liability, denying that the matter should proceed as a collective action, and asserting that Plaintiffs were accurately paid for all hours worked, including overtime, if applicable.

4. Though brought as a collective action, no collective was certified, and this case proceeded as individual actions by each of these two Plaintiffs.

5. Despite the Parties' ongoing dispute regarding the validity of Plaintiffs' claims, Defendant and Plaintiffs have entered into the Agreement to bring the Lawsuit to an expeditious conclusion. The Agreement contains a confidentiality provision that is an essential and material term. Accordingly, the Parties agree that the Agreement should be kept confidential and respectfully request that the Court enter its approval under seal.

## II.   THE NEED FOR COURT APPROVAL

6. This case involves claims for unpaid wages brought under the FLSA, and there is conflicting authority regarding whether such claims may be settled in the absence of Court approval. As the Seventh Circuit stated, the FLSA is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). The Seventh Circuit maintains that because the FLSA "makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." *Id.* "Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id.*

7. Recently, however, the Fifth Circuit has enforced a private compromise of an FLSA claim negotiated between an employer and employees even in the absence of court approval, where there existed "a bona fide dispute as to liability" as to the amount of hours worked and the compensation due. *See Martin v. Spring Break '83 Production* 688 F.3d 247, 255 (5th Cir. 2012).

8.  Given the conflicting authority on this issue and in an abundance of caution, the Parties nevertheless request Court approval of the Agreement. Although the Parties have decidedly different views of the merits of this case, all agree that the Agreement is fair, reasonable, and represents a reasonable compromise of the disputed issues in this case.

9.  The Parties also jointly request that the Court review the Agreement confidentially and under seal. This settlement does not impact the claims or interests of any individuals who are not parties to the present action. In light of this, the Parties request that the Court confidentially approve this settlement.

### III.   THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

10. In this case, the Agreement is fair and reasonable because significant uncertainty exists with respect to the facts and the legal standards that will be used, in particular regarding whether Plaintiffs were paid for all hours worked and, if so, at the appropriate rate. Due to the conflicting factual allegations and the degree to which this case will turn on the interpretation of the FLSA, the Parties agreed that a settlement for the amount reflected in the Agreement is in their best interests.

11. In exchange for the amounts reflected in the Agreement, Plaintiffs agree to release Defendant from the claims asserted in this suit, as well as any and all claims they may have against Defendant arising out of or relating to their employment on or before the date of the Agreement.

### IV.   PRAYER

WHEREFORE, the Parties respectfully request that the Court review the Confidential Agreement filed under Seal as Exhibit A; approve the Agreement as a fair and reasonable compromise, and dismiss the Lawsuit with Prejudice as to Plaintiffs and Defendant.

Date:   January 22, 2018                    Respectfully submitted,

                               By:   /s/ *Clif Alexander*
                                        **Clif Alexander**
                                        Federal I.D. No. 1138436
                                        Texas Bar No. 24064805
                                        clif@a2xlaw.com
                                        **ANDERSON2X, PLLC**
                                        819 N. Upper Broadway
                                        Corpus Christi, Texas 78401
                                        Telephone: (361) 452-1279
                                        Facsimile: (361) 452-1284

                                        **ATTORNEY IN CHARGE FOR PLAINTIFFS**

                              By:   /s/ *Douglas C. Bracken*
                                        **Dougals C. Bracken**
                                        Federal I.D. No. 22646
                                        Texas Bar No. 00783697
                                        douglas.bracken@solidcounsel.com
                                        **SCHEEF & STONE, LLP**
                                        500 N. Akard Street, Suite 2700
                                        Dallas, Texas 75201
                                        Telephone: (214) 706-4250
                                        Facsimile: (214) 706-4242

                                        **ATTORNEY IN CHARGE FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                /s/ *Clif Alexander*
                                                Clif Alexander